FILED

NOT FOR PUBLICATION

FEB 22 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL COSTA, individually and as personal representative and administrator of the Estate of Devon Thomas Costa; JANET COSTA, individually; ESTATE OF DEVON THOMAS COSTA,<br><br>       Plaintiffs-Appellants,<br><br> v.<br><br>THE COUNTY OF VENTURA; VENTURA COUNTY SHERIFF'S DEPARTMENT; GARY PENTIS, Sheriff, individual and official capacity; GEOFF DEAN, Sheriff, individual and official capacity; JOHN CROMBACH, former Assistant Sheriff, individual and official capacity; DANIELLE DELPIT, Sheriff Deputy, individual and official capacity,<br><br>       Defendants-Appellees. | No.   15-56393<br><br>D.C. No. 2:14-cv-06955-R-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 9, 2017
Pasadena, California

Before:  THOMAS, Chief Judge, NGUYEN, Circuit Judge, and AMON,[**] District Judge.

Devon Costa's estate and parents (collectively, "the Estate") appeal from the district court's grant of summary judgment on the federal claims and dismissal of the state law claims.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.  Because the parties are familiar with the history of this case, we need not recount it here.

The district court abused its discretion by denying all discovery after the defendants' assertion of qualified immunity.  "[L]imited discovery, tailored to the issue of qualified immunity, will sometimes be necessary before a district court can resolve a motion for summary judgment." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 973 (9th Cir. 2009) (first citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); then citing *Crawford–El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (plurality opinion)).  Specifically, if the actions alleged by the plaintiff are such that no reasonable officer could have believed them lawful, and if the officer alleges that she took actions different from those alleged by the plaintiff, "then

---

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

2

discovery may be necessary before [the plaintiff]'s motion for summary judgment on qualified immunity grounds can be resolved." *Anderson*, 483 U.S. at 646 n.6.

Here, the Estate alleged the violation of a clearly established right under 42 U.S.C. § 1983, namely the excessive force allegedly used by an officer, who the Estate claims shot Costa while Costa was immobilized by the officer's dog. This version of events conflicts with the officer's declaration that the dog did not succeed in immobilizing Costa. The district court denied the Estate the opportunity to conduct discovery, then granted summary judgment based on exhibits tendered by the defendants. In particular, it relied on the officer's affidavit and the unsworn interview of the other eyewitness.

Under *Anderson*, the defendants' claim of qualified immunity did not prohibit the district court from allowing the Estate to obtain discovery. The district therefore court abused its discretion by precluding the Estate from taking the depositions of the only living individuals who witnessed the shooting and instead relying exclusively on the defendants' declarations supporting their version of the events. At a minimum, the denial of such discovery deprived the Estate of any opportunity to test the defendants' declarations through depositions, and it thereby prejudiced the Estate.

Because the information sought in discovery relates to all of the Estate's claims, we vacate the district court's decisions as to all claims and remand for further proceedings. We do not prejudge the outcome of any renewed motion for summary judgment filed after the Estate has been afforded the opportunity to conduct discovery.

We decline the Estate's request to reassign this case to a different judge on remand.

**REVERSED AND REMANDED.**